IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CONOCOPHILLIPS COMPANY and CONOCOPHILLIPS SHIPPING, LLC** | § § § | |
| Plaintiffs | § | C.A. NO. 06-2390 |
| vs. | § § | |
| **T/V BAYRIDGE SERVICE**, her engines, apparel, etc. and barge **ENERGY 6501**, her engines, apparel, etc., *in rem*, and **HORNBECK OFFSHORE TRANSPORTATION, LLC,** *in personam* | § § § § § § § | **ADMIRALTY** |
| Defendants | § | |

**ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Now come Plaintiffs, **ConocoPhillips Company** and **ConocoPhillips Shipping, LLC** (collectively referred to as "ConocoPhillips" or "Plaintiffs"), complaining of the T/V BAYRIDGE SERVICE, her engines, apparel, etc. and the barge ENERGY 6501, her engines, apparel, etc. (collectively referred to as "Vessels") *in rem*, and of Hornbeck Offshore Transportation, LLC ("Hornbeck"), *in personam*, and for causes of action, respectfully would show unto this Honorable Court the following:

1. This action involves claims against the Vessels and Hornbeck arising from contamination to marine cargoes and/or breaches of maritime contracts. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333 and this action is brought under Rule 9(h) of the Federal Rules of Civil Procedure.

2.      Plaintiff, ConocoPhillips Company, was and now is a corporation organized and existing under and by virtue of the laws of the State of Delaware with an office and place of business at 600 N. Dairy Ashford, Houston, Texas 77079-1175.

3.      Plaintiff, ConocoPhillips Shipping, LLC, was and now is a limited liability company organized and existing under and by virtue of the laws of the State of Delaware with an office and place of business at 600 N. Dairy Ashford, Houston, Texas 77079-1175.

4.      At all material times, Plaintiffs were the owner with respect to the shipment described herein and the charterer of the Vessels and bring this action on their own behalf and as agent and trustee on behalf of and for the interest of all other parties who may be or become interested in the same shipment, as their respective interests may ultimately appear.

5.      Defendant, T/V BAYRIDGE SERVICE (USCG No. 633211), was and now is a towing vessel employed in the common carriage of merchandise by water for hire and now is or will be during the pendency of this action within this district and within the jurisdiction of this Honorable Court

6.      Defendant, barge ENERGY 6501 (USCG No. 555613), was and now is a vessel employed in the common carriage of merchandise by water for hire, and now is or will be during the pendency of this action within this district and within the jurisdiction of this Honorable Court.

7.      Defendant Hornbeck was and now is engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the tug BAYRIDGE SERVICE and the barge ENERGY 6501 as a common carrier of merchandise by water for hire.

8. Defendant Hornbeck, upon information and belief, was and now is a limited liability company organized and existing under and by virtue of the laws of the State of Delaware, with an office and place of business at 103 Northpark Blvd., Suite 300, Covington, LA 70433. Hornbeck may be served with process by serving its registered agent for service of process: Samuel Giberga, 103 Northpark Boulevard, Covington, Louisiana 70433.

9. On or about May 9, 2005, Plaintiff, ConocoPhillips Shipping, LLC, as Charterer, entered into a contract of charter party ("Time Charter") with Hornbeck, as Owner, in which Hornbeck agreed to charter the Vessels to ConocoPhillips for a period of about one year commencing on the date of delivery of the Vessels into the service of Charterer, with Charterer's option to extend the term for an additional period as mutually agreed to by Charterer and Owner.

10. Under the Time Charter, Hornbeck, as Owner of the Vessel, had certain duties and obligations to ConocoPhillips, including the obligation to provide a seaworthy vessel, in every way fit, manned, equipped and supplied for the carriage of Grade A petroleum products in bulk, and to properly care for, carry and deliver the cargo carried on board the Vessel.

11. On or about July 15, 2005, pursuant to the aforesaid Time Charter, ConocoPhillips issued voyage instructions to Hornbeck directing that the Vessel proceed to New York Harbor to load a cargo of about 60,000 barrels of Heartcut Reformate ("HCR"), and thereafter proceed to Stapleton Anchorage, New York, and discharge the cargo to the M/V SEABULK MAGNACHEM under voyage charter to ConocoPhillips Shipping, LLC. The voyage instructions also required the Vessels to arrive "with cargo tanks, pipelines and pumps properly prepared to load/transport/discharge the intended cargo".

12. On or about July 17/18, 2005, pursuant to the aforesaid Time Charter and voyage instructions, Plaintiffs delivered a cargo of about 60,000 barrels of HCR to Hornbeck and the

Vessels at ConocoPhillips Company's Bayway facility in New York Harbor for carriage to the SEABULK MAGNACHEM.

13. Hornbeck and the Vessels received the aforesaid cargo in good order and condition and, pursuant to the terms and conditions of the Time Charter, agreed to transport the shipment aboard the Vessels to the SEABULK MAGNACHEM and to deliver the shipment to the SEABULK MAGNACHEM in the same good order and condition as when received.

14. Shortly after the completion of loading of the subject shipment on board the barge ENERGY 6501, and prior to delivery to the SEABULK MAGNACHEM, it was determined that the aforesaid cargo was not in good order and condition, but, on the contrary, was off-specification, seriously contaminated and depreciated in value, all in violation of Hornbeck's and the Vessels' obligations and duties under the Time Charter and as common carriers of merchandise by water for hire.

15. By reason of Hornbeck's and the Vessels' violations of their duties and obligations under the Time Charter and as common carriers of merchandise by water for hire, it became necessary for Plaintiffs to cancel the SEABULK MAGNACHEM charter and to direct the Vessels to proceed to ConocoPhillips Company's terminal in Trainer, Pennsylvania, where the damaged and depreciated cargo was discharged into shore tanks and reconditioned.

16. By reason of Hornbeck's and the Vessels' violations of their duties and obligations under the Time Charter and as common carriers of merchandise by water for hire, Plaintiffs have sustained damages, including but not limited to loss of value of the subject shipment, payment to the SEABULK MAGNACHEM interests resulting from cancellation of the SEABULK MAGNACHEM charter, extra transportation and handling costs, reconditioning costs, survey fees, etc., all in excess of $1,000,000, no part of which has been paid, although duly demanded.

17.  The damage to the subject shipment and all related damages, losses, delays, expenses and costs resulting from the incident described hereinabove were in no way caused by or contributed to by any fault, neglect or want of due care on the part of Plaintiffs, or on the part of anyone for whom they were responsible, but was the result of and was caused by, in whole or in part, the unseaworthiness of the Vessels and/or the fault, recklessness, negligence and/or want of due care of Hornbeck, its agents, servants, and/or employees, and/or those in charge of the Vessels, in breach of Hornbeck's obligations under the Time Charter, and/or other causes for which it is liable under the terms and conditions of the Time Charter.  Plaintiffs reserve the right to amend and supplement this Original Complaint and to specify such other and/or different faults and acts of negligence as may become evident in the development of further facts.

18.  Plaintiffs would show that as a result of the foregoing acts and omissions by Hornbeck and the Vessels, they have been forced to employ the law firm of Legge, Farrow, Kimmitt, McGrath & Brown, L.L.P., 6363 Woodway, Suite 400, Houston, Texas  77057, to recover the damages owed.  Under Tex.Civ.Prac. & Rem Code § 38.001, Plaintiffs are entitled to recover from the Defendants all of its reasonable and necessary attorney's fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction may issue against the T/V BAYRIDGE SERVICE, its apparel, etc. and barge ENERGY 6501, its apparel, etc.; that all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; that Plaintiffs may have judgment for their damages, interests and costs; that the Vessels be condemned and sold to satisfy the damages aforesaid; and

That this Honorable Court may adjudge and decree that Defendant Hornbeck Offshore Transportation, LLC pay to Plaintiff its damages aforesaid, plus fair and reasonable attorney's fees, together with interest from the date of discharge, plus interest on its total judgment at the legal rate, for costs of court expended, and for such other and further relief, as the justice of this cause may allow.

Respectfully submitted,

**LEGGE, FARROW, KIMMITT, MCGRATH & BROWN, L.L.P.**

*/s/ W. Sean O'Neil, Esq.*
W. Sean O'Neil
TBA No. 24033807, FIN 24835
6363 Woodway Drive, Suite 400
Houston, Texas 77057
Telephone: (713) 917-0888
Telefax:   (713) 953-9470
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS,
CONOCOPHILLIPS COMPANY AND
CONOCOPHILLIPS SHIPPING, LLC**

OF COUNSEL:
**LEGGE, FARROW, KIMMITT, MCGRATH & BROWN, L.L.P.**
Chris J. McGrath
TBA No. 13651725, FIN 10625